UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CENTAURUS WOODGLEN VILLAGE LLC d/b/a CASA NUBE EN MONTGOMERY APARTMENTS, | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-10-4112 |
| LEXINGTON INSURANCE COMPANY, et al., | § § § § | |
| Defendants. | § § | |

<u>MEMORANDUM AND ORDER</u>

Pending before the Court is Plaintiff's Motion to Remand (Doc. No. 11). Upon considering the parties' filings and the applicable law, the Court concludes that the motion should be granted.

## I. BACKGROUND

This is an insurance dispute arising from damage to Plaintiff's property that resulted from Hurricane Ike in September 2008. Shortly after the storm, Plaintiff filed a claim for property damage under a commercial insurance policy issued by Lexington Insurance Company ("Lexington") and purchased by Plaintiff from Ted W. Allen & Associates, Inc. ("Ted W. Allen"). Plaintiff alleges that Lexington retained Cunningham Lindsey, U.S., Inc. ("Cunningham Lindsey") to adjust the loss. Plaintiff also alleges that Cunningham Lindsey dispatched several of its employees—Randal Ordner, Larry Couvillon, Robert Hovanec, Paul Odom, and John Owen Jay (collectively, "the Adjusters") to adjust Plaintiff's claim.

Plaintiff filed suit in state court against Lexington, Cunningham Lindsey, the Adjusters, and Ted W. Allen. Plaintiff alleges that Lexington, Cunningham Lindsey, and the Adjusters are liable for negligence; breach of contract; the duty of good faith and fair dealing, and fiduciary duty; violations of the Texas Deceptive Trade Practices Act and Texas Insurance Code; common-law fraud; and misrepresentation. It alleges that Ted W. Allen is liable for negligence.

Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1446(a) on October 26, 2010, on the basis of diversity jurisdiction. Plaintiff now moves to have the case remanded to state court, alleging that the case lacks complete diversity because, like Plaintiff, Cunningham Lindsey, the Adjusters, and Ted W. Allen (collectively, "the non-diverse defendants") are all citizens of Texas. Defendants argue that the non-diverse defendants were improperly joined in this action because Plaintiff has failed to establish a valid cause of action against any of them, and so their citizenship should therefore not be considered for purposes of jurisdiction.

## II.     LEGAL STANDARD

The removal statute, 28 U.S.C. § 1441(a), provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). The party that seeks removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)

(citation omitted). Courts must strictly construe removal statutes in favor of remand and against removal. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002). "[A]ny doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

Under the fraudulent joinder doctrine, "federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly joined non-diverse and/or in-state defendant." *Salazar v. Allsate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). To establish fraudulent joinder, the removing party must prove either that there has been actual fraud in the pleading of jurisdictional facts, or that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against that party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005). The defendant must demonstrate that there is no possibility of recovery by the plaintiff against the non-diverse defendant—that is, that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the non-diverse defendant. *Id.* at 573 (citations omitted). A court may resolve this issue in one of two ways: by conducting a Rule 12(b)(6)-type analysis, looking at the allegations of the complaint to determine whether it states a claim under state law against the non-diverse defendant, or by piercing the pleadings and conducting a summary judgment-type inquiry. *Id.* Ordinarily, if a plaintiff can survive a 12(b)(6)-type challenge, there is no improper joinder. *Id.* Thus, in order to defeat Plaintiff's Motion for Remand, Defendants must show that this case was properly removed to this Court under 28 U.S.C. § 1441—that is, that the non-diverse Defendants were improperly sued by Plaintiff. In making this legal determination, the court is obliged to resolve any contested

issues of material fact, and any ambiguity or uncertainty in the controlling state law, in Plaintiff's favor. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

### III.    ANALYSIS

The parties in this case do not dispute that the jurisdictional minimum has been met, or that Plaintiff, Cunningham Lindsey, the Adjusters, and Ted W. Allen are all citizens of Texas. However, Defendants argue that the non-diverse Defendants were improperly joined in this case because Plaintiff's pleadings fail sufficiently to allege a specific factual basis for recovery against them. Defendants also submit affidavits allegedly demonstrating the limited involvement of Cunningham Lindsey and the Adjusters in the adjustment of the claim. Defendants ask the Court to pierce the pleadings and consider the affidavits because, they argue, the affidavits demonstrate that Cunningham Lindsey and the Adjusters could not have committed the violations that caused Plaintiff's harm. Defendants also argue that the claims against Ted W. Allen are not properly joined because they do not arise from the same transaction or involve the same questions of law and fact as the claims against the other Defendants. Thus, Defendants contend, there is no reasonable possibility that Plaintiff could recover against the non-diverse Defendants.

#### A.  Sufficiency of Pleadings

It is well-established that individual insurance adjusters are liable for violations of the Texas Insurance Code. *See Liberty Mutual Ins. Co. v. Garrison Contractor's Inc.*, 966 S.W.2d 482, 484-86 (Tex. 1998); *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 (5th Cir. 2004). As this Court has held, independent adjustment companies are also liable under that statute. *Rankin Road, Inc. v. Underwriters at Lloyds of London*, --- F. Supp. 2d

---, 2010 WL 4007619, at \*2-3 (S.D. Tex. Oct. 12, 2010).  In order to recover against an adjuster for violation of Texas Insurance Code, a plaintiff must demonstrate that the individual or company committed the violation that caused the harm. *Frisby v. Lumbermens Mut. Cas. Co.*, 2007 WL 2300331, at \*3 (S.D. Tex. Feb. 20, 2007) (citing *Hornbuckle*, 385 F.3d at 545); *see also Seabrook Marina, Inc. v. Scottsdale Ins. Co.*, 717 F. Supp. 2d 691, 695 (S.D. Tex. 2010) ("Calofe only needs to allege that Bickett personally took some action that violated the TIC"). Moreover, an adjustment company may be vicariously liable for violations by its agent under common-law principal-agent doctrine. *Rankin Road*, 2010 WL 4007619, at \*5.

Defendants argue that Plaintiff's allegations against Cunningham Lindsey and the Adjusters are deficient because the original petition contains only conclusory recitations of the Texas Insurance Code without naming specific actions taken by those Defendants that allegedly violated the law. According to Defendants, such a pleading is not sufficient to show a reasonable basis for the Court to predict that Plaintiff might be able to recover from those Defendants.

In its original petition, however, Plaintiff clearly alleges that its property was damaged, that it made an insurance claim, and that Cunningham Lindsey and the Adjusters were involved with adjusting Plaintiff's claim. Plaintiff alleges that it provided to Cunningham Lindsey and the Adjusters information as well as opportunities to inspect the property. The original petition lists specific ways in which Cunningham Lindsey and the Adjusters allegedly violated the law, including, among other things, that they failed to conduct any independent or fair investigation into the damages to the property but instead performed a result-oriented investigation, that they failed to explain the reasons for

failing to offer adequate compensation for the damages to the property, that they failed to affirm or deny coverage within a reasonable time, and that they failed to request all information reasonably necessary to timely investigate Plaintiff's claims. It also alleges that the Adjusters failed to properly inspect the property and the related damages, failed to respond to requests for information from Plaintiff, and failed to timely and properly report to Lexington and make recommendations to Lexington with regard to Plaintiff's claims. Unlike, for example, *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, 2009 WL 3602043 (S.D. Tex. Oct. 27, 2009), a case cited by Defendants in which the actions of the adjuster were coupled with the actions of the insurer in the complaint, Plaintiff separates out allegations against Cunningham Lindsey and the Adjusters from allegations against Lexington.

Defendants' argument, in essence, appears to be that Plaintiff's pleadings are insufficiently detailed to meet federal pleading requirements. However, this argument is of limited relevance to the current inquiry whether there is a reasonable basis to predict that Plaintiff might recover against the non-diverse Defendants in state court. *See KIW, Inc. v. Zurich American Ins. Co.*, 2005 WL 3434977, at *3, (S.D. Tex. Dec. 14, 2005) (applying Texas state law "fair notice" pleading standard to "liberally" construe pleadings in improper joinder inquiry); *Rodriguez v. Yenawine*, 556 S.W.2d 410, 415 (Tex. Civ. App.—Austin 1977, no writ) ("Texas courts have upheld the pleading when the technical elements of a cause of action, without allegations of ultimate facts to be proved, were alleged in the petition.").

The Court therefore holds that Plaintiff's allegations do in fact state a claim under state law against Cunningham Lindsey and the Adjusters, and, if proven true, do create the reasonable possibility that Plaintiff could prevail on these claims.

### B.  Defendants' Affidavits

Defendants nonetheless argue that, even if Plaintiff's pleadings state a valid claim against Cunningham Lindsey and the Adjusters, the Court should pierce the pleadings and consider the affidavits from the Adjusters and from Cunningham Lindsey representatives describing the Defendants' allegedly limited roles in the adjustment of Plaintiff's claim.   (*See* Doc. No. 8 at 54.) Defendant Jay's and Defendant Hovanec's affidavits each state that the affiant was "one of the adjusters assigned by Cunningham Lindsey U.S. Inc. to assist with the investigation of any potential loss at the Plaintiff's property due to Hurricane Ike." (Doc. No. 13, Ex. A and B.) Both Jay and Hovanec further state:

> Neither Cunningham nor I prepared any estimates for this loss nor were we requested to do so by Lexington. All estimates of property damages in this claim were prepared by Unified Building Sciences Inc. All coverage and claims payment decisions are made by Lexington.

(*Id.*) They also state, "Upon authorization from Lexington, Cunningham released the Unified Building Sciences Inc. estimates to Plaintiff's representatives, along with the schedules of the applicable deductibles and depreciations approved by Lexington." (*Id.*) Defendant Odom's affidavit states:

> I played no role in the adjustment of this claim and was never assigned to it. My only role was to review the claim file to determine the amounts paid and amounts remaining under Lexington's reserve in September 2010, at Lexington's request.[1]

---

[1] Odom, perhaps inadvertently, states that all estimates of property damages for Plaintiff's claim were prepared by EGP & Associates Inc., rather than by Unified Building Sciences Inc.

(Doc. No. 13, Ex. D.) Defendant Ordner's affidavit states that his only involvement with Plaintiff's claims was "to respond to a couple of telephone calls made to me by Cross Moceri, the Plaintiff's representative, and to forward the adjusters' report to Larry Couvillon, the Cunningham Lindsey Regional General Adjuster for transmission on to Lexington." (Doc. No. 13, Ex. E.) Defendant Couvillon's affidavit, in turn, states that his only involvement was:

> [T]o respond to a couple of communications made to me by [Moceri], and to serve as the primary contact person between [Lexington] and Cunningham Lindsey with respect to the insurance program that included the claim made the basis of this suit. In that capacity I forwarded the adjusters' reports to [Lexington] and also transmitted Lexington's instructions to the field adjuster working on the claim.

(Doc. No. 13, Ex. F.)

Finally, G. Randall Gray, Vice President and South Central Regional Manager for Cunningham Lindsey (who is not a party to this case), submitted an affidavit stating:

> Lexington retained Cunningham Lindsey to perform certain specific adjusting services on its behalf [with regard to Plaintiff's claim.] Lexington instructed Cunningham to initially inspect the damaged property to determine if the damage appeared to exceed a threshold of $100,000; later the threshold was raised to $250,000. If so, then the claim was to be forwarded to a loss consultant firm approved by Lexington to estimate damages. Since the damages appeared to be greater than the applicable threshold established by Lexington, Unified Building Sciences Inc. was assigned to estimate the damages to Casa Nube en Montgomery Apartments. Lexington instructed Cunningham to assign Unified Building Sciences Inc. to estimate damages. Cunningham was instructed by Lexington to assign the business interruption claim at Casa Nube en Montgomery Apartments to Carey & Co.

(Doc. No. 13, Ex. C.) Gray's affidavit also states that Cunningham had no authority from Lexington to affirm or deny coverage, to offer a compromise settlement, to submit a reservation of rights letter to Plaintiff, to pay Plaintiff's claim, or to explain any payments that were made absent Lexington's approval. (*Id.*)

Whether to pierce the pleadings to conduct a summary judgment-type analysis is a decision for the Court in its discretion. *Smallwood*, 385 F.3d at 573-74.  In this case, Defendants appear to argue that the Court should undertake such an inquiry because there are "discrete and undisputed facts that would preclude plaintiff's recovery" against Cunningham or the Adjusters because they were not the adjusters who handled the claim at the time of the alleged Texas Insurance Code violations. The facts presented in the affidavits, however, do not necessarily demonstrate that those Defendants were not involved in the complained of conduct. The various Defendants (with the possible exception of Odom) were each involved in the adjustment process in some way. Jay and Hovanec were both assigned to work as adjusters on Plaintiff's case. Ordner and Couvillon both communicated with Plaintiff's representative about the claim. Ordner provided the adjusters' report to Couvillon, and Couvillon provided it to Lexington. Cunningham Lindsey assigned Unified Building Sciences Inc. to estimate the damages to Plaintiff's property, and Cunningham Lindsey reported those damages to Lexington. Certainly, drawing all inferences in Plaintiff's favor, at a minimum there remains a genuine issue of material fact as to whether Cunningham Lindsey and/or the Adjusters conducted a reasonable investigation of Plaintiff's claim, one of the violations of the Texas Insurance Code Plaintiff alleges.

Thus, even when looking beyond the pleadings, the record does not show that there is no reasonable possibility Plaintiff could recover against the non-diverse Defendants in state court. The Court accordingly concludes that Cunningham Lindsey and the Adjusters were not improperly joined in this action.[2] As a result, complete

---

[2] Because there is at least one non-diverse party, the Court need not decide whether Ted W. Allen was properly joined as well.

diversity does not exist and this Court lacks jurisdiction. Remand is therefore appropriate.

## IV.  CONCLUSION

For the reasons discussed in this order, Plaintiff's Motion to Remand (Doc. No.

11) is **GRANTED**. This action is hereby **REMANDED** to the 333rd Judicial District

Court of Harris County, Texas.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 10th day of March, 2011.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE